# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GREEN ROCK, LLC,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | 2:21-cv-01320-ACA |
| ] | |
| **INTERNAL REVENUE SERVICE, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

The Internal Revenue Code allows taxpayers to deduct certain charitable contributions from their taxes. 26 U.S.C. § 170(a)(1). Among allowable charitable contributions are "conservation easements," which are agreements between landowners and donees permanently limiting use of real property for specific conservation purposes. 26 U.S.C. § 170(b)(1)(E), (h)(1); (doc. 1-1 at 3; *see also* doc. 17-5 at 193–94).

The Internal Revenue Code also permits the Secretary of the Treasury to make regulations about information a taxpayer or "material advisor" must disclose to the Internal Revenue Service in connection with a tax return. 26 U.S.C. §§ 6011(a), 6111(a); *CIC Servs., LLC v. Internal Revenue Serv.*, 141 S. Ct. 1582, 1586–87 (2021); *see also* 26 U.S.C. § 6111(b)(1) (defining a "material advisor" in relevant part as a person who provides assistance with respect to promoting any reportable

transaction and who derives gross income in excess of an amount prescribed by the Secretary for that assistance). The Code authorizes the Secretary to require disclosure of "reportable transactions": those the Secretary determines have "a potential for tax avoidance or evasion." *Id.* § 6707A(a), (c)(1). One sub-type of reportable transaction is a "listed transaction": a transaction that is the same as or substantially similar to a type of transaction identified by the Secretary as a tax avoidance transaction. *Id.* § 6707A(c)(2). An IRS regulation requires the Secretary to identify listed transactions by "notice, regulation, or other form of published guidance." 26 C.F.R. § 1.6011-4(b)(2).

Concerned about abuse of the conservation easement deduction, the IRS issued Notice 2017-10, defining certain "syndicated conservation easement transactions" as listed transactions that must be disclosed to the IRS. (Doc. 1-1). A "syndicated conservation easement transaction" is one in which promoters offer potential investors an opportunity to purchase an interest in a pass-through entity that contributes a conservation easement on real property to a tax-exempt entity; the pass-through entity then allocates the tax deduction to its investors. (*Id.* at 3–4). If the promotional materials given to the potential investors offer "the possibility of a charitable contribution deduction that equals or exceeds an amount that is two and one-half times the amount of the investor's investment," the transaction that follows

is a listed transaction—that is, one the Secretary has identified as a tax avoidance transaction. (*Id.* at 4–5).

Green Rock is a "material advisor" to transactions falling under Notice 2017-10. (Doc. 21 at 5 ¶ 5). It filed this lawsuit seeking to set aside Notice 2017-10 for violating the Administrative Procedure Act's notice-and-comment requirement and for being "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." (Doc. 1 at 12–16). The IRS[1] concedes that it did not follow the notice-and-comment procedure but contends that it was not required to do so and that Notice 2017-10 is not arbitrary or capricious. (Doc. 30). Green Rock and the government each move for summary judgment. (Docs. 20, 30). Because notice and comment procedures were required before issuance of Notice 2017-10, the IRS's failure to follow those procedures requires the court to set aside the notice. As a result, the court **WILL GRANT** Green Rock's motion, **WILL DENY** the government's motion, and **WILL SET ASIDE** Notice 2017-10.

## I.   JURISDICTION

As an initial matter, the court finds that it has subject matter jurisdiction over this case because it is not barred by the Anti-Injunction Act, 28 U.S.C. § 2283. *See CIC Servs., LLC*, 141 S. Ct. at 1586 (holding that the Anti-Injunction Act does not

---

[1] The named defendants in this case are the IRS, the U.S. Department of Treasury, and the United States. (Doc. 1 at 1, 5 ¶ 17). The court refers to them collectively as the IRS.

preclude "a suit seeking to set aside an information-reporting requirement that is backed by both civil tax penalties and criminal penalties"). And Green Rock has Article III standing to bring this suit because it alleges that it has spent more than $250,000 in complying with Notice 2017-10's reporting requirements. (Doc. 1 at 10 ¶ 45; *see also* doc. 21 at 4–5); *see Sierra v. City of Hallandale Beach*, 996 F.3d 1110, 1112–13 (11th Cir. 2021) (setting out the components of Article III standing). Finally, the court finds that the case is not moot. Although Green Rock's chief executive officer attests that Green Rock will not engage in any more transactions covered by Notice 2017-10 while the notice remains in effect, the notice continues to subject Green Rock to recordkeeping requirements. (Doc. 27 at 5 n.4); *see* 26 U.S.C. § 6112; 26 C.F.R. § 301.6112-1(d) (requiring material advisors to maintain lists of information about reportable transactions for seven years after the earlier of the dates on which the transaction was reported on a tax statement or entered into).

## II.   DISCUSSION

Green Rock seeks an order setting aside Notice 2017-10 because: (1) the IRS issued it without using notice-and-comment rulemaking, as required by the Administrative Procedure Act, 5 U.S.C. §§ 553(b)–(c), 706(2)(D); and (2) it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A). (Doc. 1 at 12–16). Green Rock needs to prevail on only one of those arguments for the court to set the notice aside. In this case, the court

finds that the IRS's issuance of Notice 2017-10 without notice-and-comment rulemaking violated the Administrative Procedure Act, so the court will not reach Green Rock's second argument.

### 1. Issuance of Notice 2017-10 Required Notice-And-Comment Rulemaking

The Administrative Procedure Act requires that an agency issuing a rule follow a three-step process called "notice-and-comment rulemaking," under which the agency issues a notice of the proposed rule, gives interested persons the opportunity to submit comments on the proposed rule, and then issues the final rule with a statement of the rule's basis and purpose. 5 U.S.C. § 553(b), (c); *see Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015). But there are situations in which an agency does not have to follow that process. *See* 5 U.S.C. §§ 553(b)(A)–(B), 559. One of those situations—the only one the IRS relies on here—is when a later statute "expressly" supersedes or modifies the Administrative Procedure Act. *Id.* § 559.

While certainly preferable, the language of a statute does not have to explicitly state that it "supersedes" or "modifies" the Administrative Procedure Act to constitute an exemption from the Act. In the absence of these "magical passwords," a court may find a deviation from the Act's notice requirement if it is clear that Congress intended to permit a deviation from the Act. *Marcello v. Bonds*, 349 U.S. 302, 310 (1955); *see also Lockhart v. United States*, 546 U.S. 142, 147–48 (2005) (Scalia, J., concurring) (explaining that because "[o]ne legislature . . . cannot abridge

the powers of a succeeding legislature . . . . an express-reference or express-statement provision cannot nullify the unambiguous import of a subsequent statute" if the later statute shows by "fair implication" that it supersedes or modifies the earlier statute) (quotation marks omitted). But "[e]xemptions from the terms of the Administrative Procedure Act are not lightly to be presumed." *Marcello*, 349 U.S. at 310; *see Lockhart*, 546 U.S. at 149 (Scalia, J., concurring) ("[R]epeals by implication are not favored. An implied repeal will only be found where provisions in two statutes are in irreconcilable conflict, or where the latter Act covers the whole subject of the earlier one and is clearly intended as a substitute.") (quotation marks omitted).

Here the IRS contends that the text and history of 26 U.S.C. § 6707A shows that Congress expressly authorized the issuance of Notice 2017-10 without notice-and-comment rulemaking. (Doc. 31 at 22–34). Its argument proceeds in several parts. First, the Secretary is statutorily authorized to prescribe regulations governing the information included in returns or statements. 26 U.S.C. § 6011(a) ("When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary."); *compare id.* § 6011(a) (1997) (same). Pursuant to its authority under 26 U.S.C. § 6011, the IRS issued temporary and proposed regulations in 2000 that became

6

Treasury Regulation § 1.6011-4 three years later. 65 Fed. Reg. 11205-02 (Mar. 2, 2000); 65 Fed. Reg. 11269-01 (Mar. 2, 2000); 68 Fed. Reg. 10161-01 (Mar. 4, 2003); 26 C.F.R. § 1.6011-4 (2004).

Treasury Regulation § 1.6011-4 permits the IRS to identify a listed transaction "by notice" as well as by "regulation, or other form of published guidance." *Id*. But the "notice" the Treasury Regulation refers to is IRS guidance published in the Internal Revenue Bulletin, not the notice required under the notice-and-comment requirement of the Administrative Procedure Act. *See Green Valley Ranch Invs., LLC v. Comm'r of Internal Revenue*, 159 T.C. 5, 29 n.3 (2022) (Pugh, J., concurring in the result). The IRS calls the notices identifying listed transactions, issued under Treasury Regulation § 1.6011-4, "listing notices." (*See* doc. 31 at 27).

Treasury Regulation § 1.6011-4 predates the enactment of 26 U.S.C. § 6707A. *See* Pub. L. 108-357, 118 Stat. 1418 (Oct. 22, 2004). And 26 U.S.C. § 6707A defines a reportable transaction as one in which "information is required to be included with a return or statement because, as determined under regulations prescribed under section 6011, such transaction is of a type which the Secretary determines as having a potential for tax avoidance or evasion." 26 U.S.C. § 6707A(c)(1); *see also id.* § 6707A(c)(2) (defining a "listed transaction" as a "reportable transaction which is the same as, or substantially similar to, a transaction specifically identified by the Secretary as a tax avoidance transaction for purposes

7

of section 6011."). Accordingly, the argument goes, 26 U.S.C. § 6707A's reference to 26 U.S.C. § 6011 incorporates by reference all regulations already in existence when Congress enacted 26 U.S.C. § 6707A. (Doc. 31 at 23–25). One of those regulations was Treasury Regulation § 1.6011-4, which permits the IRS to identify listed transactions "by notice, regulation, or other form of published guidance." 26 C.F.R. § 1.6011-4(b)(2). The IRS contends that because Congress enacted 26 U.S.C. § 6707A after the Secretary had promulgated Treasury Regulation § 1.6011-4, which permits the IRS to issue listing notices by means other than by regulation, Congress clearly exempted the IRS from notice-and-comment rulemaking. (*Id.*).

The Eleventh Circuit has not addressed this issue. The Sixth Circuit and the Tax Court, however, have both rejected the IRS's position. *Green Valley Ranch Invs., LLC*, 159 T.C. at 23; *Mann Construction, Inc. v. United States*, 27 F.4th 1138, 1141(6th Cir. 2022). In *Mann Construction*, the Sixth Circuit held that a different listing notice had to be set aside for failure to comply with the notice-and-comment requirement. 27 F.4th at 1141. In a well-reasoned opinion, the Sixth Circuit explored various cases in which Congress had or had not made exemptions from the notice-and-rulemaking requirement. *Id.* at 1144–45. The Sixth Circuit determined that 26 U.S.C. §§ 6011 and 6707A fell "on the failure-to-be-express side of the line." *Id.* at 1145. "The statutes do not say anything, expressly or otherwise, that modifies the baseline procedure for rulemaking established by the [Administrative Procedure

8

Act]." *Id.* at 1146. Nor do the statutes create "a new procedure for these regulations" or in any way direct the IRS about how to identify reportable and listed transactions. *Id.*

Section 6707A's cross-reference to 26 U.S.C. § 6011 and the existence of Treasury Regulation § 1.6011-4 does not alter the analysis. As the Sixth Circuit stated: "While the cross-reference is probative of whether Congress was aware of the IRS's transaction-listing procedures, it does not alone suffice to show an express exemption from the [Administrative Procedure Act] procedures." *Mann*, 27 F.4th at 1146. Because "[p]otential inferences layered on top of conjectural implications do not suffice" to show an express departure from the Administrative Procedure Act's requirements, the Sixth Circuit rejected the IRS's argument. *Id.* at 1147. In *Green Valley Investors*, the Tax Court agreed with the Sixth Circuit's analysis in *Mann Construction*. *Green Valley Invs., LLC*, 159 T.C. at 19–21. This court, too, finds *Mann Construction* persuasive and adopts its reasoning.

The court is also persuaded by Judges Pugh and Toro's reasoning in *Green Valley* that the language in Treasury Regulation § 1.6011-4 permitting issuance of listing notices "by notice" does not irreconcilably conflict with the Administrative Procedure Act's notice-and-comment requirement. *Green Valley Invs., LLC*, 159 T.C. at 26, 32 (Pugh, J., concurring); *id.* at 34 (Toro, J., concurring). The Administrative Procedure Act expressly exempts an agency from notice-and-

9

comment rulemaking when it "for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." 5 U.S.C. § 553(b)(B). But as Judge Pugh and Judge Toro pointed out, a listing notice issued without notice-and-comment under Treasury Regulation § 1.6011-4 could still comply with the Administrative Procedure Act if the IRS set outs its good-cause finding in the listing notice. *Green Valley Invs., LLC*, 159 T.C. at 25, 30 (Pugh, J., concurring); *id.* at 34 (Toro, J., concurring). So even if Congress intended to incorporate by reference Treasury Regulation § 1.6011-4 when it enacted 26 U.S.C. § 6707A, the Treasury Regulation does not irreconcilably conflict with the Administrative Procedure Act. Accordingly, the court cannot find that Congress intended to permit a deviation from the Administrative Procedure Act. *See Marcello*, 349 U.S. at 310.

The IRS's next argument is that enactment of other statutory tax provisions against the backdrop of Treasury Regulation § 1.6011-4 shows that Congress ratified the IRS's practice of issuing listing notices without notice-and-comment rulemaking. (Doc. 31 at 28–34). Specifically, the IRS points to two other statutory provisions: (1) 26 U.S.C. § 6501(c)(10), which extends the statute of limitations for assessing a tax relating to a taxpayer's failure to disclose a listed transaction; and (2) 26 U.S.C. § 6404(g)(2)(E), which permits accrual of interest on amounts owed

10

with respect to reportable transactions even if the Secretary does not provide the taxpayer a notice within a specific period of time. (Doc. 31 at 26–28). The IRS argues that voiding listing notices issued without notice-and-comment rulemaking would nullify these two provisions because no valid listing notices would have been in effect when the statutory provisions were enacted. (*Id.*). In other words, the IRS asserts, "the effective date provisions for . . . §§ 6501 and 6404 . . . are predicated on the validity of the IRS's regulation and listing notices." (*Id.* at 35).

Taking as true the IRS's representation that the Secretary has never identified a reportable or listed transaction by regulation (*see id.* at 31–32; *but see* doc. 34 at 8 (identifying two regulations in existence in 2004 that identified listed transactions); doc. 35 at 4 (disputing that those regulations identified listed transactions)), the fact that no valid reporting requirement existed when Congress made § 6501(c)(10) and § 6404(g)(2)(E) effective does not nullify the sections or their effective date. The sections may have become effective before any enforceable reportable transactions or listed transactions were identified, but they were and they remain effective. In any event, as the Sixth Circuit said in addressing a slightly different ratification argument made by the IRS, "Congress presumably is equally aware of the [Administrative Procedure Act]'s requirement that it must 'expressly' override the normal notice-and-comment rules. It takes far more than the clanging silence we have here to infer that Congress has expressly altered the prerequisites for creating a rule that imposes

financial and criminal penalties." *Mann Constr., Inc.*, 27 F.4th at 1147 (citation omitted).

The court agrees with the Sixth Circuit and the Tax Court's position that nothing in 26 U.S.C. §§ 6707A or 6011 exempts the IRS from the notice-and-comment requirement in issuing listing notices. Accordingly, issuance of Notice 2017-10 without notice-and-comment rulemaking violated the Administrative Procedure Act.

2. The Proper Remedy

Green Rock seeks an order setting aside Notice 2017-10. (Doc. 1 at 16). The IRS asks that, if the court finds Notice 2017-10 to be improper, the court permit "additional briefings on the scope of any remedy Green Rock may have." (Doc. 31 at 12 n.1). The IRS argues that an order setting aside the notice would be a nationwide injunction, a drastic form of relief that courts generally disfavor. (Doc. 35 at 10–11).

The court denies the IRS's request for additional briefing. The Administrative Procedure Act speaks clearly: "The reviewing court *shall* . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law." 5 U.S.C. § 706(2)(D) (emphasis added). Accordingly, having found that the IRS issued Notice 2017-10 without observance of procedure required by law, the court must set the notice aside. *See id.*

But even if the mandate were not clear, briefing is still unnecessary because the issue the IRS wishes to brief is foreclosed by the relief Green Rock seeks. A district court's decision is binding only on the parties to this case. *See Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring in the grant of a stay) ("Equitable remedies, like remedies in general, are meant to redress the injuries sustained by a particular plaintiff in a particular lawsuit. When a district court orders the government not to enforce a rule against the plaintiffs in the case before it, the court redresses the injury that gives rise to its jurisdiction in the first place."); *see also McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("The general rule is that a district judge's decision neither binds another district judge nor binds him."). And Green Rock has not requested issuance of an injunction prohibiting the IRS from enforcing Notice 2017-10 elsewhere or against any other party. (*See* doc. 1 at 16; doc. 20 at 1; doc. 22 at 3); *cf. Alabama v. United States*, 304 F.2d 583, (5th Cir. 1962) (describing an injunction as either "affirmatively compelling the doing of some act" or "negatively forbidding continuation of a course of conduct").[2]

Moreover, the Supreme Court has indicated that an order vacating an agency action is not the same as an injunction. *See Monsanto Co. v. Geertson Seed Farms*,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

13

561 U.S. 139, 144, 156 (2010). In *Geertson Seed Farms*, the district court entered an order doing three things: (1) setting aside an agency's decision to deregulate a variety of genetically engineered alfalfa; (2) enjoining the agency from deregulating those plants; and (3) enjoining "almost all future planting" of those plants nationwide. *Id.* at 144. The order setting aside the agency's decision was not before the Supreme Court, but the two injunctions were. *Id.* at 156. In addressing the nationwide injunction, the Supreme Court rejected the argument that the injunction lacked "any meaningful practical effect independent of" the vacatur of the agency's decision. *Id.* at 165. The Supreme Court pointed out that "[a]n injunction is a drastic and extraordinary remedy . . . If a less drastic remedy (*such as partial or complete vacatur of [the agency]'s deregulation decision*) was sufficient to redress respondents' injury, no recourse to the additional and extraordinary relief of an injunction was warranted." *Id.* at 165–66 (emphasis added). If an order setting aside an agency action is not an injunction, this court's order setting aside Notice 2017-10 cannot be a nationwide injunction.

### III. CONCLUSION

The court **WILL GRANT** Green Rock's motion for summary judgment, **WILL DENY** the IRS's motion for summary judgment, and **WILL SET ASIDE** Notice 2017-10 for violating the Administrative Procedure Act's notice-and-comment requirement.

The court will enter a separate final judgment consistent with this opinion.

**DONE** and **ORDERED** this February 2, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE